UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GENEVIEVE IDAR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-217 |
| | § | |
| COOPER TIRE & RUBBER CO., | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day came on to be considered Defendant's Motion to Strike. (D.E. 8.) For the reasons stated herein, Defendant's motion is DENIED.

**I.     Jurisdiction**

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, because (1) Plaintiffs bring a wrongful death action where it is facially apparent that damages exceed $75,000, and (2) complete diversity exists because Plaintiffs are citizens of Texas and Defendant is a citizen of Delaware and Ohio.[1]  (D.E. 23, p. 3.)

**II.    Factual and Procedural Background**

On July 1, 2010, Plaintiff Genevieve Idar filed this action individually and on behalf of her six children (collectively the "Idar family"). (D.E. 1, p. 1-2.) The Complaint alleges that on July 20, 2009, Amy Farmer Tamez was driving the Idar family in a 1995 Ford Aerostar when the tread on the vehicle's left rear tire separated and the vehicle rolled over. (D.E. 1, p. 3.) The tires on the car were manufactured by Defendant Cooper. (D.E. 1, p. 3.) Plaintiff's son died in the crash and Plaintiff and her other children were injured. (D.E. 1, p. 3.) Defendant filed a motion

---

[1] On September 10, 2010, this Court ordered Plaintiffs to amend their Complaint to allege the citizenship of Defendant and to include initials of the minors involved in this action. (D.E. 18.) Plaintiffs complied with this order and filed their First Amended Complaint on September 14, 2010. (D.E. 23.) The First Amended Complaint has not changed the substance of Plaintiffs' claims.

to strike the Complaint on August 11, 2010, alleging failure to comply with Federal Rules of Civil Procedure 8 and 12(f).  (D.E. 8.)

### III. Discussion

#### A. Motion to Strike Pursuant to Federal Rule of Civil Procedure 8(a)

Defendant argues that this Court should strike the allegations in Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 8 ("Rule 8") because the Complaint is too long and that paragraphs 90 through 160 are "improper at the pleading stage because they contain advocacy, argument and conjecture." (D.E. 8, p. 3.)

Rule 8 sets forth the minimum pleading standards required to plead certain claims.  Rule 8 requires, in part, that the pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Proc. 8(a)(2).  Courts have found that Rule 8 does not necessarily limit the length of a complaint; it simply seeks to avoid confusion and to put the defendant on notice of the claims against it.[2]  See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) (finding the purpose of Rule 8 is to provide the opposing party "fair notice of what the [plaintiff's] claim is and the ground upon which it rests"); Castrillo v. Am. Home Mortg. Servicing, Inc., 670 F. Supp. 2d 516, 523 (E.D. La. 2009) (finding a 75 page complaint complies with Rule 8 because even though it is "a lengthy complaint, it is not confusing").  The Fifth Circuit has found that "[p]ursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the

---

[2] For certain claims a plaintiff must supplement information required by Rule 8(a) with additional facts to comply with Rule 9(b), which requires allegations of fraud or mistake to be pled with particularity.  See Fed. R. Civ. P. 9(b). "Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading. Rule 9(b) does not 'reflect a subscription to fact pleading' and requires only 'simple, concise, and direct' allegations of the 'circumstances constituting fraud,' which after Twombly must make relief plausible, not merely conceivable, when taken as true." See Grubbs v. Kanneganti, 565 F.3d 180, 185 n.8 (5th Cir. 2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

elements of the claim or permit inferences to be drawn that these elements exist." Gen. Star Indem. Co. v. Vesta Fire Ins. Corp., 173 F.3d 946, 950 (5th Cir. 1999) (emphasis added); see also Jenkins v. De La Paz, 124 Fed. Appx. 265, 268 (5th Cir. 2005); Eads v. Wolpoff & Abramson, LLP, 538 F. Supp. 2d 981, 985 (W.D. Tex. 2008); City of Driscoll v. Saenz, 2007 U.S. Dist. LEXIS 3690, *13-*14 (S.D. Tex. Jan. 17, 2007).

### i. Plaintiffs Satisfy the Requirements of Federal Rule of Civil Procedure 8

Defendant's allegation that the 28 page Complaint is too long is not sufficient to strike the complaint pursuant to Rule 8. See Castrillo, 670 F. Supp. 2d at 523 (finding a 75 page complaint complies with Rule 8 because even though it is "a lengthy complaint, it is not confusing"). For a complaint to be struck under Rule 8, it must be confusing or fail to put the defendant on notice of the claims against it. Leatherman, 507 U.S. at 168; Castrillo, 670 F. Supp. 2d at 523.

In this case, the Complaint sufficiently puts Defendant on notice of the claims against it. The Complaint alleges that the tire which allegedly caused the July 20, 2009 accident "was defectively designed, defectively manufactured, and defectively marketed in a grossly negligent and malicious manner, and it was in an unreasonably dangerous and unfit condition at the time it left the control of Cooper." (D.E. 1 at ¶39.) The Complaint also outlines the factual circumstances underlying Plaintiffs' claims. Specifically, the Complaint alleges that on July 20, 2009, the 1995 Ford Aerostar rolled over after the vehicle's left rear tire separated, killing Plaintiff's son and injuring the Plaintiff and her other children. (D.E. 1 at ¶16-¶25.) Defendant does not argue that the Complaint is confusing or fails to put the Defendant on notice of the claims against it. (D.E. 8.) Such a showing is required for a pleading to be struck under Rule 8(a). See Gen. Star, 173 F.3d at 950. This Court finds the Complaint complies with Rule 8

because it sufficiently "provide[s] notice of the circumstances which give rise to the claim" and "set[s] forth sufficient information to outline the elements of the claim."[3] See Gen. Star, 173 F.3d at 950; Williams v. Credit Prot. Ass'n, 2009 U.S. Dist. LEXIS 102975 (N.D. Tex. Oct. 21, 2009) (finding that Plaintiff's claims comply with both Rule 8(a) and Rule 12(f) because the claims "are neither so unintelligible nor so vague that Trans Union should be unable to respond.").

### B. Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)

Defendant argues that this Court should strike paragraphs 90 through 160 of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)") because they are "immaterial." (D.E. 8, p. 6.) Defendant also alleges that "Plaintiffs' Original Complaint is nothing more than an unfair and improper attempt to publicly broadcast through an open pleading their prejudicial characterizations (and mis-characterizations) of information they accessed under protective order." (D.E. 8, p. 5.)

Rule 12(f) states, in part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." FDIC v. Niblo, 821 F. Supp. 441, 449 (N.D. Tex. 1993); see also Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982) ("[M]otions to strike a defense are generally disfavored."); Pan American Life Ins. Co., 311 F.2d at 428 n. 13 (5th Cir. 1962) ("Motions to strike . . . are not favored."); U.S. v.

---

[3] Defendant's Motion to Strike fails to address the proper Fifth Circuit standard for analyzing complaints under Rule 8. (D.E. 8.) Many of the cases cited in support of Defendant's arguments are not in this circuit and are not binding on this Court. Even though Defendant failed to utilize the proper Fifth Circuit standard, in the interest of completeness, this Court has analyzes the Complaint using the Fifth Circuit standard.

Cushman & Wakefield, Inc., 275 F. Supp. 2d 763, 767 (N.D. Tex. 2002) ("Motions to strike are disfavored and infrequently granted."). "The court must deny a motion to strike if there is any question of fact or law." Id.

There are two requirements for a successful motion to strike under Rule 12(f). First, a "[m]atter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." See Pan American Life Ins. Co., 311 F.2d at 428 n. 13; United States v. Cushman & Wakefield, Inc., 275 F. Supp. 2d 763, 768 (N.D. Tex. 2002) (finding to succeed in a Rule 12(f) motion to strike, "the movant must show that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration") (internal citations omitted). Second, a matter can only be stricken under Rule 12(f) if there is a showing of prejudice. See Landmark Graphics Corp. v. Seismic Micro Tech., Inc., 2007 U.S. Dist. LEXIS 4405, *3 (S.D. Tex. Jan. 22, 2007) ("Rule 12(f) motions require a showing of prejudice."); Boyd's Bit Service, Inc. v. Specialty Rental Tools & Supply, Inc., 332 F. Supp. 2d 938, 944 (W.D. La. 2004) [("[S]uch motions are disfavored and will usually be denied unless the allegations have no possible relevance to the controversy and may cause prejudice to one of the parties."); Auto Wax Co., Inc. v. Mothers Polishes Waxes Auto Wax Co., 2002 U.S. Dist. LEXIS 3635, 2002 WL 368526, at *5 (N.D. Tex. 2002) ("Conclusory statements about unfair prejudice … are not enough to justify its motion to strike; a stronger showing is required under Fed. R. Civ. P. 12(f).").

   **i.**  **Plaintiffs Satisfy the Requirements of Federal Rule of Civil Procedure 12(f)**

In this case, it is clear that the allegations in Plaintiffs' Complaint have a bearing upon the subject matter of this litigation. The Complaint details the parties and circumstances that led to the accident. (D.E. 1 at ¶1-¶25.) The Complaint sets forth facts that allege not only

negligence on the part of Defendant Cooper Tire, but also products liability. (D.E. 1 at ¶26-¶168.) The Complaint details Defendant Cooper Tire's manufacturing practices, how those practices differ from industry standards, and why those practices may have caused the accident in question. (D.E. 1 at ¶26-¶168.) Thus, this Court finds it cannot strike the entire complaint because the Complaint's allegations do have bearing on this litigation. See Pan American Life Ins. Co., 311 F.2d at 428 n. 13.

Defendant specifically alleges that paragraphs 127, 130, and 133 should be striken because they "are immaterial to Plaintiffs' claims and/or are unnecessary at the pleading stage." (D.E. 8, p. 6.) In negligence claims, courts often look to compliance with industry standards to determine if a defendant was negligent. See Discovery Operating, Inc. v. BP Am. Prod. Co., 311 S.W.3d 140, 169 (Tex. App. Eastland 2010) (finding industry standard "relevant to the issue of whether [defendant] violated the standard of care"). Indeed, the Texas Supreme Court has held that "[g]eneral industry practice or knowledge may establish a basis for foreseeability to show negligence." See Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 581 (Tex. 2001). Paragraphs 127, 130, and 133 each have bearing on Plaintiffs' claims because these three paragraphs allege "disfavored manufacturing practice[s]" involved in making tires.[4] (D.E. 1, p. 20-21.) Plaintiffs' Complaint alleges that Defendant engaged in these "disfavored manufacturing practices" and was negligent. (D.E. 1 at ¶39, ¶126, ¶129, ¶132.) Thus, because industry standards are often relevant to negligence claims, these paragraphs have bearing on Plaintiffs' claim that the tires at issue were negligently manufactured and cannot be struck pursuant to Rule 12(f). Pan American Life Ins., 311 F.2d at 428 n. 13.

---

[4] Specifically, paragraph 127 of Plaintiffs' Complaint alleges that it is disfavored "to apply solvent in an attempt to restore the tackiness to dried or aged tire rubber components," (D.E. 1, p. 20) paragraph 130 alleges it is disfavored to allow "rainwater to drip on tire components and tire building machines," (D.E. 1, p. 21) and paragraph 133 alleges it is disfavored to use "awls and hot knives to deflate blisters in tires." (D.E. 1, p. 21.)

Defendant also argues in its Motion to Strike that the Complaint is "argumentative" and "mis-characterize[s]" information. (D.E. 8, p. 4-7.) If the Defendant believes an allegation in the Complaint is false, the Defendant must respond by denying that allegation in its answer. See Fed. R. Civ. Proc. 8(b)(1)(B)("In responding to a pleading, a party must . . . admit or deny the allegations asserted against it by an opposing party."). A court cannot strike an allegation pursuant to Rule 12(f) merely because the Defendant believes it is a mis-characterization of the facts. Indeed, "[t]he court must deny a motion to strike if there is any question of fact or law." See Niblo, 821 F. Supp. at 449.

Defendant has failed to show why this Court should strike Plaintiffs' Complaint when such motions "are viewed with disfavor and are infrequently granted." See Niblo, 821 F. Supp. at 449. Defendant has further failed to clearly show that the allegations in Plaintiffs' Complaint "have no possible bearing upon the subject matter of the litigation."[5] See Pan American Life Ins, 311 F.2d at 428 n. 13. Therefore, this Court must deny Defendant's Motion to Strike. Id. (finding a "[m]atter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation") (emphasis added).

---

[5] Defendant also alleges that the information in the Complaint improperly came from documents produced under a protective order. Specifically, Defendant argues that paragraphs 110 through 115 of Plaintiffs' Complaint exemplify information that was "accessed under protective order." (D.E. 8, p. 5.) Plaintiffs' counsel, John Blaise Gsanger, disputes this, and signed an affidavit stating that the allegations in the Complaint were drafted by his staff and that "these staff members did not have access to any Cooper documents produced in litigation under any protective order." (D.E. 13, Exh. 4.) To show that the allegations are now public information, Plaintiffs include an Original Petition in another case which has allegations that are nearly identical to paragraphs 110 through 115 of this case. (D.E. 13, Exh. 5.) Notwithstanding this dispute, Defendant's motion to strike must still fail because it has not shown that the allegations in the Complaint have no bearing upon the subject matter of this litigation. See Pan American Life Ins, 311 F.2d at 428 n. 13.

## IV.  Conclusion

For the reasons discussed above, Defendant's Motion to Strike (D.E. 8) is DENIED.

SIGNED and ORDERED this 15th day of September, 2010.

_____
Janis Graham Jack
United States District Judge