UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GENEVIEVE IDAR, et al., | § § | |
| Plaintiffs, | § § | CIVIL ACTION |
| V. | § § | NO. 2:10-CV-00217 |
| COOPER TIRE AND RUBBER CO., | § § | JURY TRIAL REQUESTED |
| Defendant. | § § | |

# PLAINTIFFS' AMENDED RESPONSE TO MOTION FOR PROTECTIVE ORDER, OBJECTIONS COOPER'S PROPOSED ORDER, AND PROPOSED ORDER

Now come all Plaintiffs ("the Idar family") and file Plaintiffs' Amended Response to Motion for Entry of Protective Order, Objections Cooper's Proposed Order, And Proposed Order, and would show the Court as follows:

## I. The Idar Family's Objections to Cooper's Proposed Order

1. Cooper has proposed a protective order, and the Idar family has no objection to the entry of a protective order. However, the specific terms of the order that Cooper has proposed are improper. In fact, before Cooper filed its motion for entry of a protective order, the Idar family has specifically outlined the problems with Cooper's proposed paragraph-by-paragraph. In addition, the Idar family had proposed an alternative protective order based on the protective order used in the Texas consolidated Firestone defective tire litigation (this order was applicable in hundreds of cases and approved by numerous judges). *See Ex. 1 (Idar proposed order)*; *compare id. with Ex. 2 (consolidated tire litigation protective order)*. The Idar family will outline its most significant objections to Cooper's proposed order and it's objections to Cooper's conclusory affidavit.

### *Objections to First Paragraph of Cooper's Proposed Protective Order*

2. Cooper proposes the following language to be included in the first paragraph of its order: "All confidential material is the property of Defendant." *Doc. 28-1 ¶ 1.* This is an incorrect statement of the law. Cooper's proposed order would grant Cooper a unilateral right to designate matters as "confidential," and their proposed order would then define that unilaterally designated material as Cooper's property. *See Doc. 28-1 ¶¶ 1, 4.* Cooper's proposal puts the cart before the horse because there must *first* be proof that material is the exclusive property of the party claiming the privilege *before* it can be treated as confidential (not an initial claim of confidentiality followed by a definition that everything designated confidential is automatically Cooper's property):

> Plaintiffs have failed to show that Alderson possessed ***exclusive*** information about Quorum's wrongdoing and that he had the ***right to exclude*** other individuals from possessing such information. Alderson therefore did not possess a property right in the "know-how" and "information."… [I]t is the secrecy of the information that permits it to be treated as "property," because secrecy allows the information-holder to exclude others from using that information. *See Monsanto*, 467 U.S. at 1011, 104 S.Ct. 2862 ("With respect to a trade secret, the right to exclude others is central to the very definition of the property interest. Once the data that constitute a trade secret are disclosed to others, or others are allowed to use those data, the holder of the trade secret has lost his property interest in the data.").

*Alderson v. U.S.*, --- F.Supp.2d ----, 2010 WL 2473591, at *10 (C.D. Cal. 2010).

3. Cooper's proposal to grant itself the unilateral right to designate matters as "confidential" and then to define such materials as its "property" is not just a hypothetical problem. Cooper seeks to hide information within the cloak of confidentiality which is ***not*** Cooper's exclusive property. For example, Cooper seeks to support its application for a protective order with the conclusory affidavit of Anthony Brinkman, who claims that customer complaints are Cooper's trade secret information. *See Doc. 28-2 ¶ 20(c).*

Customer complaints are obviously not Cooper's exclusive property because they originated with the customer and belong to the customer at least as much as they belong to Cooper. *See Mann ex rel. Akst v. Cooper Tire Co.*, 33 A.D.3d 24, 36, 816 N.Y.S.2d 45, 56 (N.Y.A.D. 1 Dept. 2006) (finding that customer complaints are not Cooper's confidential property). Likewise, Cooper claims that its confidential information is under threat as a result of a questionnaire sent to dealers who sell Cooper tires. *See Doc. 28-2 ¶ 13(c).* Clearly, if the information is obtainable by sending a questionnaire to tire dealers, the information is not in Cooper's exclusive possession. Cooper also seeks to include the identity of its employees within its cloak of trade secrecy. *See Doc. 28-2 ¶ 20(e).* The identity of Cooper employees is not Cooper's exclusive property because that information is known to those unions which the employees belong to, known to job recruiting firms, known to the Internal Revenue Service, and known to the generally public as reflected by the fact that this information is reported in the media.[1] A defendant cannot hide the identity of its employees under a claim of privilege. *See, e.g., Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 555 (Tex.1990); *In re Bell Helicopter Textron, Inc.*, 87 S.W.3d 139, 155 (Tex. App.-Fort Worth 2002, orig. proceeding).

4.     Other courts have expressly rejected Cooper's proposed protective orders which would allow it to hide customer complaints, information in the possession of tire

---

[1]*See, e.g.,* John Leland, "*Retiring Later Is Hard Road for Laborers*," New York Times (Sep. 12, 2010) (quoting Jack Hartley and identifying him as a tire builder for Cooper); Modern Tire Dealer, "*Cooper Plant Celebrates*" (Sep. 13, 2010) (quoting Pat Jodon and identifying him as manager of Cooper's Tupelo plant); Michael Haddigan, "*Another Firestone? Cooper Tire Workers Testify about Unsafe Production*," Arkansas Times (Aug. 25, 2000) (quoting Martin Mahan, William Douglas Eaton, and Jimmy Oats and identifying them as tire builders for Cooper); *see also* http://www.glassdoor.com/Interview/Cooper-Tire-and-Rubber-Interview-Questions-E182.htm (a job website with information about Cooper's hiring programs).

dealerships, the identity of employees, and other information which is not in Cooper's exclusive possession:

> [T]his Court finds that the following are not trade or business secrets and are not proper subjects of a protective order or promise of confidentiality: the job descriptions of identified personnel; pleadings and bills of particulars for similar litigation; customer complaints; records of returns involving tire tread separation; the brand names of tires having the same green tire specifications; sources of parts and materials-unless Cooper buys all of its ingredients from outside sources. Further, "confidential" material shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

*Mann*, 33 A.D.3d at 36, 816 N.Y.S.2d at 56.

5. If the Court wishes to use Cooper's proposed protective order as the basis for the protective order in this case, then the last sentence of that paragraph should be revised to read as follows:

> No information may be designated as confidential material unless that information is the exclusive property of Defendant, and confidential material may not include the job descriptions of identified personnel, pleadings and bills of particulars for similar litigation, customer complaints, records of returns involving tire tread separation, the brand names of tires having the same green tire specifications, advertising materials, materials that on their face show that they have been published to the general public, and documents that have been submitted to any governmental entity without request for confidential treatment.

### *Objections to Fourth Paragraph of Cooper's Proposed Protective Order*

6. Cooper proposes an umbrella protective order that would allow Cooper to unilaterally designate whatever it selects to be treated as "confidential materials," and Cooper will not even agree that it must first confirm that materials are authentic as a threshold to designating such materials as confidential. *Doc. 28-1 ¶ 4.* Cooper's proposal is contrary to the well established guidelines for protective orders: "a motion for a protective

4

order ordinarily 'contemplates a particular and specific demonstration of fact,'" and so "umbrella protective orders are disfavored." *U.S. v. Carriles,* 654 F.Supp.2d 557, 565 (W.D. Tex. 2009) (*citing U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978); *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir.1999)). Moreover, "the discretion to issue protective orders ... 'is circumscribed by a long-established legal tradition' which values public access to court proceedings," and so a protective order must not allow a party "to control public access to court papers without even seeking the consent of the court." *See Procter & Gamble Co. v. Bankers Trust Co*., 78 F.3d 219, 227 (6th Cir.1996) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir.1983), *cert. denied*, 465 U.S. 1100, 104 S.Ct. 1595, 80 L.Ed.2d 127 (1984)). Accordingly, protective orders that allow parties to unilaterally demand confidentiality and unilaterally require filing documents under seal infringe on the open court system and are constitutionally disfavored:

> [T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.... The order that the district judge issued in this case is not quite so broad as "seal whatever you want," but it is far too broad to demarcate a set of documents clearly entitled without further inquiry to confidential status. The order is not limited to trade secrets, or even to documents "believed to contain trade secrets," which anyway is too broad both because "believed" is a fudge and because a document that contains trade secrets may also contain material that is not a trade secret, in which case all that would be required to protect a party's interest in trade secrecy would be redaction of portions of the document. Also much too broad is "other confidential ... information," not further specified, and all "governmental information," a category absurdly overbroad. The order is so loose that it amounts, as we suggested at the outset, to giving each party carte blanche to decide what portions of the record shall be kept secret. Such an order is invalid.

*Citizens First Nat'l Bank*, 178 F.3d at 945.

7. If the Court wishes to use Cooper's proposed protective order as the basis for the protective order in this case, then the following provisions should be added at the beginning of paragraph 4:

> Defendants must have a good faith factual basis and a good faith legal basis and must identify a specific applicable privilege before designating any information as confidential. By designating materials as confidential, Cooper's designation simultaneously confirms the authenticity of those materials.

### *Objections to Sixth Paragraph of Cooper's Proposed Protective Order*

8. Cooper proposes that the Idar family should have a deadline to contest Cooper's unilateral designation of confidentiality and further proposes that the Idar family must give notice in writing of its factual and legal basis for contesting confidentiality. There is no such burden on a party contesting another party's alleged discovery objections and privileges under either the Federal Rules of Civil Procedure or the Texas Rules of Civil Procedure. Cooper's proposed protective order flips the burdens in violation of the Federal Rules of Civil Procedure:

> The Fifth Circuit requires that "the 'party resisting discovery "must show specifically how .. each [request] is not relevant or how each question is overly broad, burdensome or oppressive."'" *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990). ... "The parties resisting discovery by asserting any privilege bear the burden of proof sufficient to substantiate their privilege claims and cannot rely merely on a blanket assertion of privilege." … The party invoking the privilege bears the burden of establishing the applicability of the privilege. … *Hodges Grant*, 768 F.2d at 721, and *U.S. v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir.1982), cert. denied, 466 U.S. 944, 104 S.Ct. 1927, 80 L.Ed.2d 473 (1984).

*Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.,* 258 F.R.D. 149, 159-60 (S.D. Tex. 2009) (additional citations omitted). Also, Cooper's proposal makes reference to "the expiration of the period in which Defendant may make a challenge to an adverse ruling." This is flawed because there is no such deadline under the Federal Rules of Civil Procedure.

9. If the Court wishes to use Cooper's proposed protective order as the basis for the protective order in this case, paragraph 6 should be revised as follows:

> If Defendant receives notice of any contest to its designation of information as **confidential material**, then Defendant shall have 10 days to offer evidence specifically proving the applicability of a particular privilege to the contested materials. Pending such determination, the records shall be treated as **confidential material**.

### *Objections to Seventh Paragraph of Cooper's Proposed Protective Order*

10. Cooper's seventh proposed paragraph has numerous problems. First, the scope of access to information does not allow for information sharing with similar litigants or with governmental agencies charged with regulating consumer product safety. Contrary to Cooper's proposal, the law recognizes that "shared discovery is an effective means to insure full and fair disclosure" because parties "subject to a number of suits concerning the same subject matter are forced to be consistent in their responses by the knowledge that their opponents can compare those responses." *Garcia v. Peeples*, 734 S.W.2d 343, 347 (Tex. 1987). Accordingly, "public policies favoring shared information require that any protective order be carefully tailored to protect [a party's] proprietary interests while allowing an exchange of discovered documents." *Id.* at 348. Shared discovery also makes the judicial system more efficient:

> In addition to making discovery more truthful, shared discovery makes the system itself more efficient. The current discovery process forces similarly situated parties to go through the same discovery process time and time again, even though the issues involved are virtually identical. Benefiting from restrictions on discovery, one party facing a number of adversaries can require his opponents to duplicate another's discovery efforts, even though the opponents share similar discovery needs and will litigate similar issues. Discovery costs are no small part of the overall trial expense.... A number of courts have recognized that allowing shared discovery is far more efficient than the repetitive system…. Federal courts, for instance, have overwhelmingly embraced this practice in order to streamline discovery.... The

> Federal Judicial Center's Manual for Complex Litigation also suggests sharing discovery in order to avoid duplicative efforts....

*Id.* art 347. The protective order should allow shared discovery with parties with similar cases against Cooper, and in the Fifth Circuit, "substantially similar" as a "predicate for the proof of similar accidents is defined ... by the defect ... at issue." *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1083 (5th Cir.1986).[2]

11. Cooper further proposes that paragraph 7 should state that Cooper can use "the confidential material as it deems appropriate, and any such use by Defendant shall not destroy the confidentiality of the confidential material in question." This is contrary to all legal precedents. How a party uses its confidential information definitely affects whether or not the information remains confidential. *See, e.g., Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th Cir. 1984); *Computer Assoc. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453 (Tex. 1996).

12. If the Court wishes to use Cooper's proposed protective order as the basis for the protective order in this case, paragraph 7 should be revised to add the following sub-paragraphs in place of Cooper's proposed sub-paragraph (f):

> (f) Counsel of record (including their paralegal, secretarial, administrative, legal personnel, and forensic experts and consultants retained by them) in similar litigation who have first consented to this Protective Order of Confidentiality and signed the Promise of Confidentiality. Similar litigation is

---

[2]*See also In re ExMark Mfg. Co., Inc.*, 299 S.W.3d 519, 529 (Tex. App.-Corpus Christi 2009, orig. proceeding) (citing *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1191 (10th Cir. 2009); *Brownlow v. General Motors Corp.*, No. 3:05CV-414-R, 2007 WL 2712925, at *5, 2007 U.S. Dist. LEXIS 67973, at *15 (W.D.Ky.2007); *Mann ex rel. Akst v. Cooper Tire Co.*, 33 A.D.3d 24, 816 N.Y.S.2d 45, 55 (2006); *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 614-16 (D.Kan.2005); *Herman v. Andrews*, 50 S.W.3d 836, 844 (Mo.App. E.D.2001) (holding that plaintiffs' request for substantially similar product types was not overbroad, unduly burdensome or oppressive); *Preston v. Montana Eighteenth Judicial Dist. Court, Gallatin County*, 282 Mont. 200, 936 P.2d 814, 818-20 (1997); *Calo v. Ahearn*, 135 A.D.2d 458, 522 N.Y.S.2d 555, 556 (1987); *Culligan v. Yamaha Motor Corp., USA*, 110 F.R.D. 122, 124-25 (S.D.N.Y.1986).

defined by the defect at issue and so, in this case, includes civil actions alleging design or manufacturing defects which are alleged to have cause tread separations in Cooper tires; and

(g) governmental agencies charged with evaluating and regulating tires provided that Defendant is given 30 days notice so that Defendant can petition such governmental agencies for confidential treatment if Defendant so desires.

The remainder of Cooper's proposed paragraph 7 should be deleted.

### *Objections to Ninth Paragraph of Cooper's Proposed Protective Order*

13. Cooper's ninth paragraph is wholly inconsistent with this Court's electronic filing practices, and so Cooper's proposed paragraph 9 should be deleted.

### *Objections to Tenth Paragraph of Cooper's Proposed Protective Order*

14. Cooper's tenth paragraph would also forbid shared discovery by limiting use of the discovery to use in this case only. This problem has been addressed above. For those same reasons, Cooper's proposed paragraph 10 should be deleted.

### *Objections to Eleventh Paragraph of Cooper's Proposed Protective Order*

15. Cooper's eleventh paragraph would require submitting confidential documents *in camera* instead of this Court's established practice of allowing confidential matters to be filed under seal upon motion of the party seeking to file such confidential materials. The Court's clerk does not even have procedures to accept *in camera* filings. Cooper's *in camera* proposal is also contrary to the Fifth Circuit law favoring an open court system:

> Allowing the public to access judicial records "serves to promote trustworthiness of the judicial process … and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness."

*Macias v. Aaron Rents, Inc.*, 288 Fed. Appx. 913, 916 (5th Cir. 2008) (quoting *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)); *see also In re Sealing and Non-Disclosure of Pen/Trap/2703(d) Orders*, 562 F.Supp.2d 876, 891 (S.D. Tex. 2008) ("Any

step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification."). The Court's current practice is safe and secure, and so Cooper's proposed paragraph 11 should be replaced with the following language: "Confidential materials filed with the Court should be filed according to the Court's procedures for filing papers subject to a motion to seal."

*Objections to Thirteenth Paragraph of Cooper's Proposed Protective Order*

16. Cooper's thirteenth paragraph would address how this Court must try the case. This is a protective order to address discovery issues; it is not a trial plan. Addressing issues concerning the trial of this matter is premature, and so paragraph 13 should be deleted.

*Objections to Fifteenth Paragraph of Cooper's Proposed Protective Order*

17. Cooper's fifteenth paragraph would require the return of documents at the conclusion of this case. This issue is also raised prematurely. At this time, no confidential documents have been produced and whether the return of those documents will be decided on a good cause standard (for exchanged discovery) or a heightened scrutiny standard (for trial exhibits and records attached to dispositive motions) is unknown at this time. Moreover, the return of documents is particularly worrisome in a case against Cooper because of Cooper's history of destroying documents.[3] The Court should delete Cooper's proposed paragraph 15 without prejudice to Cooper raising the issue when it is ripe.

---

[3] *Mann ex rel. Akst v. Cooper Tire & Rubber Co.*, 33 A.D.3d 24, 30, 816 N.Y.S.2d 45, 50 (2006) ("Courts in different jurisdictions have found that Cooper Tire has committed numerous discovery violations, including improperly withholding documents; wilfully concealing evidence; wilfully concealing the existence of discoverable information; and destroying documents it knew or should have known would become material in litigation. Now, Cooper Tire arrives at our door exhibiting what can only be characterized as a serious misapprehension that this Court will permit it to violate disclosure requirements in New York."); *see also Cooper Tire and Rubber Co. v. Farese*, 2008 WL 5382416 (N.D. Miss. 2008) ("Cooper Tire was sanctioned for shredding documents in the *Whitaker* case. … Defendants assert that the evidence of shredding is relevant to prove that Cooper Tire intended to destroy evidence relative to

WHEREFORE, the Idar family seeks the entry of a protective order as proposed in the form of the attached Exhibit A or, in the alternative, the entry of a protective order reflecting the objections set out above.

Respectfully submitted this 18th day of October, 2010.

By: /s/ John Blaise Gsanger
John B. Gsanger
Federal I.D. No. 20883
State Bar No. 00786662
**EDWARDS LAW FIRM**
1400 Frost Bank Plaza (78470)
P.O. Box 480
Corpus Christi, TX 78403-0480
Tel: (361) 698-7600
Fax: (361) 698-7614

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on October 18, 2010, a true and correct copy of the foregoing document was served by ECF on all counsel of record, including:

T. Christopher Trent     *Via ECF*
Raphael C. Taylor
Jon Paul Hoelscher
**JOHNSON, TRENT, WEST & TAYLOR, LLP**
919 Milam, Suite 1700
Houston, TX 77002

/s/ John Blaise Gsanger
John B. Gsanger

---

the *Whitaker* litigation, that the destruction through burning was not a mistake or an accident but a deliberate attempt to keep the documents out of the hands of *Whitaker* counsel. …. The Court finds that, in order for the jury to understand the background and context of the *Whitaker* litigation, evidence and testimony regarding Cooper Tire's document retention policy and the shredding of documents should be admitted").