UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GENEVIEVE IDAR, INDIVIDUALLY, and as REPRESENTATIVE OF THE ESTATE OF A.I., DECEASED; and as NEXT FRIEND OF E.I., A MINOR; and as NEXT FRIEND OF A.I., A MINOR; and as NEXT FRIEND OF E.I., A MINOR; and as NEXT FRIEND OF D.I., A MINOR; and as NEXT FRIEND OF N.I., A MINOR, | § § § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION |
| V. | § § | NO. 2:10-cv-00217 |
| COOPER TIRE AND RUBBER CO., | § § | JURY TRIAL REQUESTED |
| Defendants. | § § | |

### PLAINTIFFS' PROPOSED PROTECTIVE ORDER

In order to preserve the rights of litigants in these proceedings to claim the confidentiality of certain documents to be produced in this litigation by the parties, the Court orders as follows:

1.  Terms.

    (a)   "Confidential Information" means information that constitutes a trade secret or reveals confidential research, development, or commercial information. Confidential Information does not include information that has been disclosed in the public domain.

    (b)   "Protectable Documents" means materials within the scope of Fed. R. Civ. P. 34 to be produced or otherwise disclosed by the parties in this case and which also contains Confidential Information.

    (c)   "Confidential Material" means any document(s) claimed pursuant to Section 2(a) or (b) of this Order and any Confidential Information claimed to be contained therein, to the extent



allowed by this Order.

2.    Designation.

(a)    A document (or portion of a document) that a party determines in good faith to be a Protectable Document may be claimed as confidential by (1) stamping the word "CONFIDENTIAL" on the document, or (2) using any other reasonable method agreed to by the parties. Such stamping shall not obscure any writings on the documents.

(b)    A party may, on the record of a deposition or by written notice to opposing counsel not later than seventy-two hours after receipt of the deposition transcript, claim any portion(s) of the deposition as "CONFIDENTIAL" based on a good faith determination that any portions so claimed constitute a Protectable Document. To the extent possible, any portions so claimed shall be transcribed separately and marked by the court reporter as "CONFIDENTIAL."

(c)    By claiming a document Confidential Material pursuant to Section 2(a) or (b), a party represents that it has made a bona fide, good faith determination that the document does, in fact, contain Confidential Information.

3.    Challenge to Claim.

(a)    Any party may challenge a claim made under Section 2(a) or 2(b) by written notice of its objection to counsel for the claiming party or non-party. Challenge to a claim made under Section 2(b) may be made either upon the record of the deposition or as provided in the preceding sentence.

(b)    In the event a claim is challenged, the party requesting confidential treatment will move for an appropriate ruling from the Court. The material shall be treated as Confidential Material until the expiration of ten days if no motion is made by the party requesting confidential treatment (at which time the material shall no longer be treated as Confidential Material), or, if a

motion is made, until the Court rules.

    (c)    A party shall not be obligated to challenge the propriety of the designation of documents as Confidential Materials at the time of designation, and failure to do so shall not preclude a subsequent challenge to the designation.

4.    <u>Use of Confidential Material Limited</u>.

Confidential Material shall be treated as confidential and used (1) by counsel in the this case solely for the litigation of this case or (2) by counsel in other actions arising out of the same or similar set of facts, transactions, or occurrences that are asserted in the complaint filed in this case solely for the litigation of such actions. Except as set forth in Section 6, Confidential Material shall not be revealed without the express written consent of the party claiming same as Confidential Material or upon written order of the Court.

5.    <u>Not Applicable to Trial</u>.

This Order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of trial, through the receipt of Protected Documents into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any party at the time of trial or evidentiary hearing.

6.    <u>Permitted Disclosures</u>.

Confidential Material may be shown, disseminated, or disclosed only to the following persons:

    (a)    all attorneys of record for the parties in this case, including members of their respective law firms, and their employees assisting in the preparation of this cases for trial;

3

    (b)    experts and consultants retained by the parties for the preparation or trial of this case;

    (c)    translators privately retained by the parties for the preparation or trial of this case;

    (d)    the court, its staff, court reporters, deposition videographers, mediators, court-appointed translators, witnesses, and the jury in this case or in other present or future cases in any court in the United States against Defendants alleging claims arising out of the same or similar set of facts, transactions, or occurrences that are asserted in the petition filed in this case;

    (e)    any attorney, expert, or consultant representing a party in other present or future cases in any court in the United States against Defendants alleging claims arising out of the same or similar set of facts, transactions, or occurrences that are asserted in the complaint filed in this case (i.e., claims of injury or death alleged to have been caused by the tread-belt separation of a tire made by Cooper Tire and Rubber Co.);

    (f)    employees of Defendant;

    (g)    employees of any liability insurance carrier involved in this case.

7.    <u>Agreement by Disclosees.</u>

Before being given access to Confidential Material, each person described in paragraph 6(b), (c), (e), or (g) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall sign a copy of Exhibit "A."

8.    <u>Retention of Jurisdiction by Court.</u>

This Court shall retain jurisdiction to make amendments, modifications, and additions to this Order as the Court may, from time to time, deem appropriate, as well as to resolve any disputes.

9.    <u>Production Not a Waiver.</u>

The production of Confidential Material pursuant to this Order is not intended to constitute a waiver of any privilege or right to claim the trade secret or confidential status of the documents, materials, or information produced.

10. <u>Public Health and Safety</u>.

Nothing in this Order is intended to prevent any party from raising with the Court any concern that the non-disclosure of certain Confidential Material may have a possible adverse effect upon the general public health or safety, or the administration or operation of government or public office.

11. This Order does not seal Court Records in this case and is only intended to facilitate the prompt production of discovery materials. No determination is being made by the Court at this time that these documents are confidential or entitled to protection. Such issues are reserved and will be ruled upon pursuant to this Order and any applicable notice and hearing provisions. This Order merely provides a framework for the parties to claim such materials as confidential to preserve their right to seek protection for these documents as confidential proprietary information, and to preserve such issues for ruling until each party may prepare their appropriate arguments on these issues.

IT IS SO ORDERED, SIGNED AND ENTERED THIS _____ DAY OF SEPTEMBER, 2010.

                                                                                                                      JUDGE JANIS GRAHAM JACK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GENEVIEVE IDAR, INDIVIDUALLY, and as REPRESENTATIVE OF THE ESTATE OF A.I., DECEASED; and as NEXT FRIEND OF E.I., A MINOR; and as NEXT FRIEND OF A.I., A MINOR; and as NEXT FRIEND OF E.I., A MINOR; and as NEXT FRIEND OF D.I., A MINOR; and as NEXT FRIEND OF N.I., A MINOR, | § § § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION |
| V. | § § | NO. 2:10-cv-00217 |
| COOPER TIRE AND RUBBER CO., | § § | JURY TRIAL REQUESTED |
| Defendants. | § § | |

### EXHIBIT A

The undersigned states subject to the penalties for perjury:

1. I have been retained by a party to this litigation or by a party's counsel of record to offer analysis or advice, either as and expert witness or consultant.

2. I have been furnished a copy of the Protective Order entered in this case restricting the use of Confidential information.

3. I promise to abide by the Protective Order with respect to Confidential documents and information furnished to me in this litigation.

4. As a condition to receipt of Confidential documents and information in this litigation, I consent to personal jurisdiction over me in the United States District Court, Southern District of Texas, Corpus Christi Division, solely for the purpose of enforcing the Protective Order.

Signed: _____

Signed this \_\_\_\_ day of _____, 2010.

_____
Print Name

_____
Address

_____
City, State, Zip