**FIRST JUDICIAL ADMINISTRATIVE REGION**
"ALL CASES"

| | | |
|---|---|---|
| IN RE BRIDGESTONE/FIRESTONE AND FORD CASES COORDINATED FOR PRETRIAL PROCEEDINGS UNDER RULE 11 OF THE TEXAS RULES OF JUDICIAL ADMINISTRATION | § § § § | MASTER FILE NO. _____ |

**SECOND JUDICIAL ADMINISTRATIVE REGION**
"ALL CASES"

| | | |
|---|---|---|
| IN RE BRIDGESTONE/FIRESTONE AND FORD CASES CONSOLIDATED FOR PRETRIAL PROCEEDINGS UNDER RULE 11 OF THE TEXAS RULES OF JUDICIAL ADMINISTRATION | § § § § | MASTER FILE NO. 01-01-410 |

**THIRD JUDICIAL ADMINISTRATIVE REGION**
"ALL CASES"

| | | |
|---|---|---|
| IN RE BRIDGESTONE/FIRESTONE AND FORD CASES CONSOLIDATED FOR PRETRIAL PROCEEDINGS UNDER RULE 11 OF THE TEXAS RULES OF JUDICIAL ADMINISTRATION | § § § § | MASTER FILE NO. 2001-11-001 |

**FOURTH JUDICIAL ADMINISTRATIVE REGION**
"ALL CASES"

| | | |
|---|---|---|
| IN RE BRIDGESTONE/FIRESTONE AND FORD CASES CONSOLIDATED FOR PRETRIAL PROCEEDINGS UNDER RULE 11 OF THE TEXAS RULES OF JUDICIAL ADMINISTRATION | § § § § | MASTER FILE NO. 2001 CI 04351 |

**FIFTH JUDICIAL ADMINISTRATIVE REGION**
"ALL CASES"

| | | |
|---|---|---|
| IN RE BRIDGESTONE/FIRESTONE AND FORD CASES CONSOLIDATED FOR PRETRIAL PROCEEDINGS UNDER RULE 11 OF THE TEXAS RULES OF JUDICIAL ADMINISTRATION | § § § § | MASTER FILE NO. 2001-04-010000 |

**SIXTH JUDICIAL ADMINISTRATIVE REGION**
"ALL CASES"

| | | |
|---|---|---|
| IN RE BRIDGESTONE/FIRESTONE AND FORD CASES CONSOLIDATED FOR PRETRIAL PROCEEDINGS UNDER RULE 11 OF THE TEXAS RULES OF JUDICIAL ADMINISTRATION | § § § § | MASTER FILE NO. _____ |

**EIGHTH JUDICIAL ADMINISTRATIVE REGION**
"ALL CASES"

| | | |
|---|---|---|
| IN RE BRIDGESTONE/FIRESTONE AND FORD CASES CONSOLIDATED FOR PRETRIAL PROCEEDINGS UNDER RULE 11 OF THE TEXAS RULES OF JUDICIAL ADMINISTRATION | § § § § | MASTER FILE NO. _____ |

Exhibit 4

EXHIBIT 2

## INTERIM PROTECTIVE ORDER

In order to preserve the rights of litigants in these proceedings to claim the confidentiality of certain documents to be produced in this litigation by Bridgestone/Firestone, Inc., Bridgestone Corporation, Ford Motor Company, and other parties and/or third parties, the Court orders as follows:

1.   <u>Terms</u>.

   (a)   "Confidential Information" means information that constitutes a trade secret or reveals confidential research, development, or commercial information. Confidential Information does not include information that has been disclosed in the public domain.

   (b)   "Protectible Documents" means documents as defined by TEX. R. CIV. P. 192.3(b) and deposition testimony, as defined by section 2(b) herein, to be produced by Bridgestone/Firestone, Inc., Bridgestone Corporation, Ford Motor Company, and others during discovery in the Coordinated Cases (as defined below) that contain Confidential Information.

   (c)   "Confidential Material" means any document(s) claimed pursuant to Section 2(a) or (b) of this Order and any ConfidentialInformation claimed to be contained therein, to the extent allowed by this Order.

   (d)   "Coordinated Cases" means the above-captioned actions and/or any of their respective constituent cases which have been coordinated under Rule 11, Texas Rules of Judicial Administration.

2.   <u>Designation</u>

   (a)   A document (or portion of a document) that a party determines in good faith to be a Protectible Document may be claimed as confidential by (1) stamping the word "CONFIDENTIAL"

Exhibit 4                                    2

05/01/2001 TUE 10:43  [TX/RX NO 6518]

on the document, or (2) using any other reasonable method agreed to by the parties. Such stamping shall not obscure any writings on the documents.

(b) A party may, on the record of a deposition or by written notice to opposing counsel not later than seventy-two hours after receipt of the deposition transcript, claim any portion(s) of the deposition as "CONFIDENTIAL" based on a good faith determination that any portions so claimed constitute a Protectible Document. To the extent possible, any portions so claimed shall be transcribed separately and marked by the court reporter as "CONFIDENTIAL."

(c) By claiming a document Confidential Material pursuant to Section 2(a) or (b), a party represents that it has made a bona fide, good faith determination that the document does, in fact, contain Confidential Information.

3. Challenge to Claim

(a) Any party may challenge a claim made under Section 2(a) or 2(b) by written notice of its objection to counsel for the claiming party or non-party. Challenge to a claim made under Section 2(b) may be made either upon the record of the deposition or as provided in the preceding sentence.

(b) In the event a claim is challenged, the party requesting confidential treatment will move for an appropriate ruling from the Court. The material shall be treated as Confidential Material until the expiration of ten days if no motion is made by the party requesting confidential treatment (at which time the material shall no longer be treated as Confidential Material), or, if a motion is made, until the Court rules, but in no event longer than 30 days after the challenge is made, or as ordered by the Pre Trial Judge.

Exhibit 4                                      3

05/01/2001 TUE 10:43 [TX/RX NO 6518]

(c) A party shall not be obligated to challenge the propriety of the designation of documents as Confidential Materials at the time of designation, and failure to do so shall not preclude a subsequent challenge to the designation.

4. Use of Confidential Material Limited

Confidential Material shall be treated as confidential and used (1) by counsel in the Coordinated Cases solely for the litigation of the Coordinated Cases or (2) by counsel in other actions arising out of the same or similar set of facts, transactions, or occurrences that are asserted in any petition filed in the Coordinated Cases solely for the litigation of such actions. Confidential Material shall not be revealed without the express written consent of the party claiming same as Confidential Material or upon written order of the Pretrial Judge.

5. Not Applicable to Trial

This Order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of trial, through the receipt of Protected Documents into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any party at the time of trial or evidentiary hearing.

6. Permitted Disclosures

Confidential Material may be shown, disseminated, or disclosed only to the following persons:

(a) all attorneys of record for the parties in the Coordinated Cases, including members of their respective law firms, and any other attorney associated to assist in the preparation of the Coordinated Cases for trial;

Exhibit 4                                  4

(b) all employees of parties' counsel assisting in the preparation of the Coordinated Cases for trial;

(c) experts and consultants retained by the parties for the preparation or trial of the Coordinated Cases;

(d) translators retained by the parties for the preparation or trial of the Coordinated Cases;

(e) the court, its staff, witnesses, and the jury in the Coordinated Cases or in other present or future cases in any court in the United States against Bridgestone/Firestone, Inc., Bridgestone Corporation, and/or Ford Motor Company alleging claims arising out of the same or similar set of facts, transactions, or occurrences that are asserted in any petition filed in the Coordinated Cases;

(f) any attorney, expert, or consultant representing a party in other present or future cases in any court in the United States against Bridgestone/Firestone, Inc., Bridgestone Corporation, and/or Ford Motor Company alleging claims arising out of the same or similar set of facts, transactions, or occurrences that are asserted in any petition filed in the Coordinated Cases;

(g) employees of Ford Motor Company, Bridgestone/Firestone, Inc., and/or Bridgestone Corporation;

(h) employees of any liability insurance carrier involved in these cases.

7. <u>Agreement by Disclosees</u>

Before being given access to Confidential Material, each person described in paragraph 6(a), (b), (c), (d), (f) or (g) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall sign a copy of Exhibit "A."

8. <u>Retention of Jurisdiction by Court</u>

Each Pretrial Judge shall retain jurisdiction to make amendments, modifications, and additions to this Order as the pretrial judge may, from time to time, deem appropriate, as well as to

Exhibit 4    5

05/01/2001 TUE 10:43 [TX/RX NO 8518]

resolve any disputes, until the termination of assignment of the Pretrial Judge under Rule 11.3(f) and the return of the Coordinated Cases to their respective trial courts.

9. <u>Production Not a Waiver</u>

The production of Confidential Material pursuant to this Order is not intended to constitute a waiver of any privilege or right to claim the trade secret or confidential status of the documents, materials, or information produced.

10. <u>Public Health and Safety</u>

Nothing in this Order is intended to prevent any party from raising with the Court any concern that the non-disclosure of certain Confidential Material may have a possible adverse effect upon the general public health or safety, or the administration or operation of government or public office.

11. This Interim Protective Order does not seal Court Records in this case and is only intended to facilitate the prompt production of discovery materials. No determination is being made by the Court at this time that these documents are confidential or entitled to protection. Such issues are reserved and will be ruled upon pursuant to this Order and the notice and hearing provisions of Rule 76a of the Texas Rules of Civil Procedure, if applicable. This Order merely provides a framework for the parties to claim such materials as confidential to preserve their right to seek protection for these documents as trade secrets and/or proprietary information, and to preserve such issues for ruling until each party may prepare their appropriate arguments on these issues.

12. <u>Prior Orders</u>

This Order supersedes any Protective Orders previously agreed to or entered by any individual court in any matter now subject to coordination under Rule 11, Texas Rules of Judicial Administration.

Exhibit 4                                    6

05/01/2001 TUE 10:43 [TX/RX NO 6518]

SIGNED this 1st day of May, 2001.

---

DAVID C. GODBEY, RULE 11 PRETRIAL JUDGE,
FIRST ADMINISTRATIVE JUDICIAL REGION

*[signature]*

---

K. MICHAEL MAYES, RULE 11 PRETRIAL JUDGE,
SECOND ADMINISTRATIVE JUDICIAL REGION

---

W. JEANNE MEURER, RULE 11 PRETRIAL JUDGE,
THIRD ADMINISTRATIVE JUDICIAL REGION

---

PHYLIS SPEEDLIN, RULE 11 PRETRIAL JUDGE,
FOURTH ADMINISTRATIVE JUDICIAL REGION

---

MIGDALIA LOPEZ, RULE 11 PRETRIAL JUDGE,
FIFTH ADMINISTRATIVE JUDICIAL REGION

---

PHILIP MARTINEZ, RULE 11 PRETRIAL JUDGE,
SIXTH ADMINISTRATIVE JUDICIAL REGION

---

THOMAS WILSON LOWE, III, RULE 11 PRETRIAL
JUDGE, EIGHTH ADMINISTRATIVE JUDICIAL REGION

---

BRUCE MCFARLING, RULE 11 PRETRIAL JUDGE,
EIGHTH ADMINISTRATIVE JUDICIAL REGION

Exhibit 4                            7