UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GENEVIEVE IDAR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-217 |
| | § | |
| COOPER TIRE & RUBBER CO., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Cooper Tire & Rubber Co.'s Motion to Modify Protective Order, or, Alternatively, Motion to Stay Discovery of Trade-Secret Information. (D.E. 42.) Having considered Defendant's motion and the relevant authorities, the Court finds the current Protective Order adequately protects Defendant's interests and is appropriate under Texas law. Defendant's Motion is DENIED. (D.E. 42.)

**I.      Background**

In the present motion, Defendant seeks once again to modify the Court's November 11, 2010 Protective Order. (D.E. 35.) Defendant contends the Protective Order does not adequately protect its trade secrets, primarily because it allows "sharing" of information with attorneys, experts or consultants representing parties in present or future cases against Defendant arising out of the same or similar set of facts, transactions, or occurrences. (D.E. 35 at 4, ¶ 6(e).). Defendant contends recent developments in Texas state law require this Court to either enter a more restrictive protective order or stay discovery of Defendant's trade secrets until the Texas Supreme Court clarifies the law respecting the issue. (D.E. 35.)

In Garcia v. Peeples, the Texas Supreme Court held that a trial court abused its discretion by prohibiting the sharing of GMC's privileged information, produced during discovery, with other similarly situated litigants. 734 S.W.2d 343, 348 (Tex. 1987). The Court stated:

> Shared discovery is an effective means to insure full and fair disclosure. Parties subject to a number of suits concerning the same subject matter are forced to be consistent in their responses by the knowledge that their opponents can compare those responses. In addition to making discovery more truthful, shared discovery makes the system itself more efficient. The current discovery process forces similarly situated parties to go through the same discovery process time and time again, even though the issues involved are virtually identical. Benefiting from restrictions on discovery, one party facing a number of adversaries can require his opponents to duplicate another's discovery efforts, even though the opponents share similar discovery needs and will litigate similar issues. Discovery costs are no small part of the overall trial expense. A number of courts have recognized that allowing shared discovery is far more efficient than the repetitive system now employed. Federal courts, for instance, have overwhelmingly embraced this practice in order to streamline discovery. The Federal Judicial Center's Manual for Complex Litigation also suggests sharing discovery in order to avoid duplicative efforts.

Id. at 347 (internal citations removed). The Court held that the trial erred in entering a "blanket protective order" whose terms prevented the plaintiff from sharing with non-parties the information he secured from discovery. Id. at 348. Instead, the trial court should have balanced the competing needs of protecting GMC's interest in protecting its trade secrets and the public policies favoring shared information. Id.

More recently, the Texas Supreme Court indicated – in the context of ruling on when a party should be compelled to produce trade secrets under Texas Rule of Evidence 507[1]– that an "appropriate protective order" might include (among others) one that "limited access to the information to the parties in this lawsuit, their lawyers, consultants, investigators, experts and

---

[1] The Court held that applying Rule 507 requires adhering to the following procedure: "First, the party resisting discovery must establish that the information is a trade secret. The burden then shifts to the requesting party to establish that the information is necessary for a fair adjudication of its claims. If the requesting party meets this burden, the trial court should ordinarily compel disclosure of the information, subject to an appropriate protective order." 979 S.W.2d at 613.

other necessary persons employed by counsel to assist in the preparation and trial of this case." In re Continental General Tire, 979 S.W.2d 609, 613 n. 3 (Tex.1998).

Notably, in making this pronouncement, the Court did not overrule Garcia. Rather, the Court suggested that Garcia's holding regarding the scope of an appropriate protective order accompanying production of trade secrets was still sound law. Id. at 613. ("Garcia … does not speak to the scope of Rule 507. The issue there was not whether trade secret documents should be produced, but rather the scope of the protective order accompanying the production.") (citing 734 S.W.2d at 345).

Most recently, in In re Quality Safety Systems, a relator contended the trial court erred by entering a protective order allowing real parties in interest to share the relator's documents and trade secrets with third parties, including "potential" litigants. The Texas appellate court upheld the trial court's judgment. 2010 WL 4192897, *1 (Tex. App.-Dallas, Oct. 26, 2010). The relator appealed the case to the Texas Supreme Court. The Supreme Court recently requested a response from the real parties in interest, which, according to Defendant, indicates the Court will likely grant the petition for *mandamus* review. (D.E. 42 at 2.) Defendant contends that, should the Supreme Court grant the relief sought by the appellants, this would be a "significant clarification of Texas law, and would necessarily require reconsideration and modification of the Protective Order in this case." (Id.)

Based on these developments, Defendant asks this Court to modify its protective order or, in the alternative, stay the discovery of Defendant's trade secrets pending the outcome of the In re Quality Safety Systems litigation. (Id.)

## II. Analysis

The Court finds that the sharing provision of the Protective Order entered in this case is appropriate under Texas law.

"Federal courts sitting in diversity cases should not blindly follow state court decisions when the development of the pertinent law or laws casts serious doubt on those prior decisions; rather, federal courts should be sensitive to possible changes in the state law they are bound to apply under Erie." Channel 20 v. World Wide Towers Servs., 607 F. Supp. 551, 560 (S.D. Tex. 1985) (citing Bernhardt v. Polygraphic Company of America, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956)). "However, even if a rule of law announced by a state's highest court appears to be anomolous, antiquated or simply unwise in light of comparable federal law or the laws of sister states, it must be followed unless there are very persuasive grounds for believing the state's highest court would no longer adhere to the rule." Id. (citing Wright & Miller & Cooper, *Federal Procedure*, § 4507, n. 32 and 33 (1982), and cases cited therein).

Here, Defendant has not provided this Court with very persuasive grounds for believing that Texas's highest court would not uphold the Protective Order entered in this case. Based on the Supreme Court's holding in Garcia, it would be an abuse of discretion for this Court to *disallow* any sharing among similarly situated litigants. 734 S.W.2d at 347-348. Defendant has not provided persuasive grounds for believing that the Texas Supreme Court will reverse Garcia. The Texas Supreme Court's holding in In re Continental merely clarifies the steps a court must take in deciding whether to compel discovery of trade secrets. While it indicates that a protective order limiting access to discovered information to parties in the present lawsuit might be appropriate, 979 S.W.2d at 613, n. 3, it does not explicitly address the scope of an appropriate protective order once discovery is compelled and does not overrule Garcia's holding that a

protective order allowing shared discovery is an effective and appropriate means to balance relevant interests.  See In re Continental, 979 S.W.2d at 613.

Moreover, none of these holdings *mandates* that this Court enter a protective order limiting access to information to necessary persons in this lawsuit.  Indeed, a Texas appellate court recently held that it is not reversible error for a trial court to enter a protective order allowing sharing of trade secrets with third parties.  In re Quality Safety Systems, 2010 WL 4192897, *1.  Defendant has not provided persuasive grounds to believe that the appellate court's holding in In re Quality Safety Systems will be overturned by the Supreme Court.

The Court also independently finds that the Protective Order is appropriate to protect Defendant's interests and that it serves the interests of the parties and the interests of justice.  See Tex. R. Evd. 507 ("When Disclosure [of trade secrets] is directed, the judge shall take such protective measure as the interests of the holder of the privilege and of the parties and the furtherance of justice may require.")

As said, the Protective Order allows sharing of discovered information with attorneys and other necessary persons representing parties with present or future cases pending against Defendant that arise out of the same or similar set of facts, transactions, or occurrences.  (D.E. 35 at 4, ¶ 6(e)).  A nearly identical Protective Order was used in the Texas consolidated Firestone defective tire litigation and was approved by numerous judges.  See In re Bridgestone/Firestone, Inc., 2000 WL 33416573 (Jud.Pan.Mult.Lit., Oct. 24, 2000).  (D.E. 31, Ex. 2.)  In fact, this Protective Order is more restrictive, as it explicitly limits sharing to cases involving "claims of injury or death **alleged to have been caused by the tread-belt separation of a tire made by Cooper Tire and Rubber Co**." (D.E. 35 at 4, ¶ 6(e) (emphasis added.)

Shared discovery with attorneys working on cases involving allegedly defective tread-belt separation of Cooper Tires will avoid duplicative and costly discovery. See Garcia, 734 S.W.2d at 347-348 (explaining that shared discovery is an effective means to insure full and fair disclosure and that this policy must be balanced against the needs of a party resisting disclosure of its trade secrets.) As the Texas Supreme Court noted in Garcia, federal courts have "overwhelmingly embraced" this practice in order to streamline discovery and promote access to court proceedings. Id. at 347 (citing Wilk v. American Medical Ass'n, 635 F.2d 1295, 1299 (7th Cir.1980); American Telephone and Telegraph Co. v. Grady, 594 F.2d 594, 597 (7th Cir.1979); Phillips Petroleum Co. v. Pickens, 105 F.R.D. 545, 551 (N.D.Tex.1985); Ward v. Ford Motor Co., 93 F.R.D. 579, 580 (D.Colo.1982); Carter-Wallace v. Hartz Mountain Industries, 92 F.R.D. 67, 70 (S.D.N.Y.1981); Patterson v. Ford Motor Co., 85 F.R.D. 152, 154 (W.D.Tex.1980); Parsons v. General Motors Corp., 85 F.R.D. 724, 726 (N.D.Ga.1980)). To the extent that Defendant is concerned about release of its confidential information to the public at large, this would not be authorized by the Court's Protective Order.

Accordingly, the current Protective Order is to be kept in place, and Defendant's motion to alter it is denied.

### III. Conclusion

For the reasons stated above, Defendant's Motion to Modify Protective Order, or, Alternatively, Motion to Stay Discovery of Trade-Secret Information (D.E. 42) is hereby DENIED.

SIGNED and ORDERED this 17th day of February, 2011.

_____
Janis Graham Jack
United States District Judge