UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

GENEVIEVE IDAR, *et al*,

    Plaintiffs,

VS.                                            CIVIL ACTION NO. C-10-217

COOPER TIRE & RUBBER CO.,

    Defendant.

## ORDER

On Monday, July 18, 2011, the Court held a telephonic settlement conference in the above styled action. The Court also addressed the motions to intervene recently filed by Ted Ingle (D.E. 87, D.E. 103), Orallia Ovalle, Juan Pablo Alvarez and Misael Alvarez (D.E. 89, 104), Frank LaPenna (D.E. 94), and Vanessa Goodwin and Nolan Goodwin (D.E. 110) (collectively, "Intervenors"). The Court GRANTED IN PART and DENIED IN PART the motions to intervene.

Each of the putative Intervenors has a case pending against Defendant Cooper Tire & Rubber Co. ("Cooper Tire") in a different federal court. Pursuant to Fed. R. Civ. P. 24(b), each seeks to intervene in this case in order to obtain access to discovery materials produced by Defendant prior to the notices of settlement filed by the parties on June 16, 2011 and June 17, 2011.

The Court held that Intervenors may obtain from Plaintiffs the approximately 2700 documents produced by Cooper Tire in this case containing <u>Idar</u> Bates stamps, provided that Intervenors sign the agreement of confidentiality contained in the Protective Order and promise to adhere to all procedures and agreements of confidentiality therein. (D.E. 35.) These approximately 2700 documents were produced by Defendant pursuant to the Court's Protective

Order, which allows some sharing of confidential materials with other attorneys representing clients with similar claims against Cooper Tire. (D.E. 35).[1] Precedent indicates that it is within the Court's authority to allow Intervenors to access these documents even though settlement is already underway as between the original parties. See In re Enron Corp. 229 F.R.D. 126, 130 (S.D.Tex., 2005) ("It is well established that nonparties to a case seeking access to documents and records under a protective order or under seal in a civil case may do so by a motion for permissive intervention under Rule 24(b)(2).") (citing, e.g., San Jose Mercury News, Inc. v. U.S. Dist. Court Northern District (San Jose), 187 F.3d 1096, 1100 (9th Cir.1999); EEOC v. National Children's Center, 146 F.3d 1042, 1045 (D.C.Cir.1998) (and cases cited therein).); see also United Nuclear Corp. v. Cransford Ins. Co., 905 F.2d 1424, 1427 (10th Cir. 1990) (holding that insureds were properly permitted to intervene in other insured's suit for limited purpose of gaining access to discovery materials that were subject to protective order even though intervention was sought three years after case was settled).

However, Intervenors also seek to unseal exhibits that were filed along with Plaintiffs' response to Defendant's Partial Motion for Summary Judgment. (D.E. 78.) These exhibits

---

[1] The Protective Order provides, in relevant part, that "[e]xcept as set forth in Section 6, Confidential Material shall not be revealed without the express consent of the party claiming same as confidential or upon written order of the court." (D.E. 35.) Section 6 provides, in relevant part, that "Confidential Material may be shown, disseminated, or disclosed only to the following persons: ... (e) any attorney, expert or consultant representing a party in other present or future cases in any court in the United States against Defendants alleging claims arising out of the same transaction or similar set of facts, transactions or occurrences that are asserted in the complaint filed in this case (i.e., claims of injury or death alleged to have been caused by the tread-belt separation of a tire made by Cooper Tire and Rubber Co.)" (D.E. 35.)

The Order further provides: "Before being given access to Confidential Material, each person described in paragraph [6(e)] shall be advised of the terms of this Order, shall be given a copy of this Order, and shall sign a copy of Exhibit A. [Exhibit A is a form declaring agreement to the Protective Order and consent to jurisdiction of this Court]." (D.E. 35.)

The Protective Order also states that "[t]he production of Confidential Material pursuant to this Order is not intended to constitute a waiver of any privilege or right to claim the trade secret privilege or confidential status of the documents, materials, or information produced." (D.E. 35.)

contain approximately 25 documents produced by Defendant in another case pursuant to a different protective order. Defendant allowed Plaintiffs to use these documents in this case; but they were not produced subject to the Protective Order issued in this case and the sharing provision contained therein. Accordingly, these exhibits shall remain sealed. See <u>United Nuclear Corp.</u>, 905 F.2d at 1428 ("[F]ederal civil discovery may not be used merely to subvert limitations on discovery in another proceeding.... [and] a collateral litigant has no right to obtain discovery materials that are privileged or otherwise immune from eventual involuntary discovery in the collateral litigation.") (<u>Wilk v. American Medical Ass'n</u>, 635 F.2d 1295, 1300 (7th Cir.1980).)

    SIGNED and ORDERED this 18th day of July, 2011.

                                          Janis Graham Jack
                                          United States District Judge